**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

MANUEL ANTONIO PENA ESTRADA,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondents.

**CASE NO.** 5:26-CV-06311-CTS

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

On October 25, 2026, Petitioner Manuel Antonio Pena Estrada ("Petitioner"), represented by counsel, filed a Petition for Writ of Habeas Corpus ("Petition"). (Pet., ECF No. 1.) The Petition alleges that Petitioner is in the custody of the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE") in Adelanto, California and being held in violation of the Constitution and laws of the United States. (*See generally id.*) On October 26, 2026, Respondents were served with the Court's Notice of General Order 26-05 and Briefing Schedule, pursuant to which Respondents' Notice of Appearance was due October 29, 2026, and their Answer was due November 2, 2026. (ECF No. 4.) Respondents have filed neither document and have not answered or otherwise responded to the Petition.

The Court understands that Respondents' lack of response is a deliberate choice and not inadvertent. "In our adversarial system of adjudication, we follow the principle of party presentation" meaning that "in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (internal quotation omitted). Further, "as a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *Id.* at 375–76 (alteration in original) (internal quotation omitted). Indeed, the Supreme Court recently reminded the lower courts that they are "essentially passive instruments of government" and thus "points not argued will not be considered." *Margolin v. Nat'l Ass'n of Immigr. Judges*, 608 U.S. 339, 342 (2026) (citations and quotation marks omitted). On the absence of any responsive opposition alone, this Court may grant the Petition.

The Court incorporates the facts as set forth in the unopposed Petition regarding Petitioner's background and immigration history and does not repeat them here. (*See generally* Pet.) Having reviewed the facts, the Court is satisfied that the Petition sets forth a claim that Petitioner, having been detained by DHS officials and then released on an order of recognizance, and who had complied with all conditions of his release and has no criminal history, is not a flight risk, and poses no threat to others, had a protected liberty interest in his continued freedom from custody, and that his re-detention—at a regularly scheduled ICE check-in appointment and without prior notice, cause, or an opportunity to contest the basis for his re-detention—violated due process and merits relief. (Pet. ¶¶ 29–38, 75–80.) *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025); *Perez Bueno v. Janecka*, No. 5:25-CV-03376-CAS-BFM, 2026 WL 309934, at *3 (C.D. Cal. Feb. 5, 2026).

Petitioner seeks, *inter alia*, immediate release from custody and injunctive relief preventing Respondents from re-arresting and re-detaining Petitioner without individualized pre-deprivation notice of the basis for revoking his release and a hearing before a neutral arbiter at which Respondents must prove by clear and convincing evidence a material change of circumstances regarding Petitioner's flight risk or danger to others. (Pet. 39–40) Based on the Court's review of the Petition and in light of Respondents' decision not to oppose the relief sought, IT IS THEREFORE ORDERED THAT:

1. Judgment shall be entered GRANTING the unopposed Petition;
2. Respondents MUST RELEASE **Petitioner Manuel Antonio Pena Estrada (A 245-961-848)** from custody within 24 hours of entry of this Order under the same conditions that were in place prior to his re-detention;
3. Respondents are ENJOINED from re-arresting and re-detaining Petitioner without individualized pre-deprivation notice of the basis for revoking his release and a hearing before a neutral arbiter at which Respondents must prove by clear and convincing evidence a material change of circumstances regarding Petitioner's flight risk or danger to others; and
4. Petitioner may seek reasonable costs and attorney fees after judgment has been entered in this matter, as provided in this Court's Local Rules and any statute authorizing such an award.

DATED: November 3, 2026

CHRISTINA T. SHAY
UNITED STATES MAGISTRATE JUDGE